446 A.2d 308

**COMMONWEALTH of Pennsylvania**

**v.**

**Jerry CORBIN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 30, 1981.

Filed May 28, 1982.

John M. Glace, Assistant Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant was convicted of burglary following a non-jury trial. Post-trial motions were denied and appellant was sentenced to a term of two (2) to five (5) years imprison-

ment. Appellant's sole contention on this appeal is that the evidence was insufficient to sustain his conviction of burglary in that the Commonwealth failed to prove beyond a reasonable doubt that appellant was neither licensed nor privileged to enter the premises in question. For the reasons stated below, we affirm the judgment of sentence.

The offense of burglary is defined in 18 Pa.C.S.A. § 3502 as follows:

A person is guilty of burglary if he enters a·building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

Under this section, a person who is licensed or privileged to enter the premises is not a burglar even though he intends to commit a crime therein. *Commonwealth v. Knight*, 276 Pa.Super. 348, 363, 419 A.2d 492, 499 (1980); *Commonwealth v. Starkes*, 268 Pa.Super. 108, 407 A.2d 853 (1979); *Commonwealth v. Cost*, 238 Pa.Super. 591, 362 A.2d 1027 (1976); *Commonwealth v. Danzy*, 234 Pa.Super. 633, 340 A.2d 494 (1975); see Jarvis, Pennsylvania Crimes Code and Criminal Law, Comments to § 3502; Annotation, 93 A.L.R.2d 531 (1964) (Consent). It was the Commonwealth's burden in the instant case to prove beyond a reasonable doubt that appellant was not licensed or privileged to enter the building. *Commonwealth v. Starkes*, supra; *Commonwealth v. Stanton*, 239 Pa.Super. 47, 50, 362 A.2d 355, 357 (1976) reversed on other grounds, 479 Pa. 521, 388 A.2d 1053 (1978).

"In testing a sufficiency of evidence claim we first accept as true all the evidence upon which the finder of fact could properly have reached its verdict, and then, after giving the Commonwealth the benefit of all reasonable inferences arising from that evidence, we ask whether the evidence and the inferences arising from it are sufficient in law to prove beyond a reasonable doubt that defendant is guilty of the crimes which he has been convicted." *Commonwealth v. Steward*, 263 Pa.Super. 191, 199, 397 A.2d 812, 815–816 (1979).

Viewed under this standard, the evidence was as follows:

The appellant was employed by Checker Enterprises, Inc., a provider of janitorial services, to clean various suites located within an office building. Since these services were performed after normal working hours appellant was given keys to the main building entrance as well as a master key for the offices. Appellant's responsibilities included cleaning three or four hallways, restrooms in the hallways and several office suites. The normal working hours for cleaning purposes were anywhere from 5:00 p. m. through 9:00 p. m.

On July 31, 1979, the appellant, at about 5:00 p. m., drove to the office building and performed his usual janitorial duties. There was no evidence indicating the time appellant completed his work and left. However, between 10:00 p. m. and 11:00 p. m., appellant returned in a vehicle to the building with two companions. The driver of the car was told to park in the rear of the building, while the appellant and the other accomplice entered the premises through the front door. There being no evidence of a forced entry, it is apparent that the appellant gained entrance by using the keys entrusted to him by the janitorial service.

Some twenty (20) to thirty (30) minutes later, appellant and his friend exited the building, proceeded to the getaway car and loaded it up with two cassette players, two television sets, and a video recorder. The trio departed the scene of the crime and decided to hawk their wares on the "Hill." Appellant and his companions managed to steal the two television sets. The evidence also showed the disappearance of various items from three of the office suites which appellant was assigned to clean.

Appellant argues here that the Commonwealth, instead of proving unlicensed or unprivileged entry, proved the opposite. Appellant bases this contention on the fact that he was given permanent possession of keys to the main entrance and office suites and that from this fact alone appellant's entering the premises between 10:00 p. m. and 11:00 p. m. was privileged. Appellant maintains that there is no evidence to rebut this contention. We disagree.

The Crimes Code does not define the "license or privilege" language contained in Section § 3502(a) and prior cases have found the elements of license and privilege similar to the defense of consent [1], see *Commonwealth v. Knight, supra, Commonwealth v. Starkes, supra.* Since the effective date of Section § 3502(d) there have been no cases defining license or privilege, and this court has taken a case by case factual approach in applying the phrase. In *Starkes, supra.*, this court relied upon factual circumstances in prior burglary cases illustrating unlicensed or unprivileged entry to conclude in that case that the evidence was insufficient to prove appellant's entry unlawful. See *Commonwealth v. Jacobs*, 247 Pa.Super. 373, 372 A.2d 873 (1977) (entry without permission: into another's apartment); *Commonwealth v. Brosko*, 243 Pa.Super. 312, 365 A.2d 867 (1976) (accused not licensed or privileged to enter a closed ARCO Station at 4:30 p. m.); *Commonwealth v. Hunter*, 234 Pa.Super. 267, 338 A.2d 623 (1975) (unauthorized entry by former employee through window of electronics plant); *Commonwealth v. Atkins*, 232 Pa.Super. 206, 335 A.2d 375 (1975) (accused unauthorized to enter fraternity house). We do not find the factual circumstances in these cases very helpful in deciding the matter as presented in this case and believe it is necessary to define the word privilege as used in Section 3502(a).

Pursuant to 1 Pa.C.S.A. § 1903 of the Statutory Construction Act, words and phrases are to be construed according to their commonplace meaning [2]. Webster's Third International Dictionary defines privilege as:

Privilege means "la: a right or imminity as a peculiar benefit, advantage or favor; special enjoyment of a good or exemption from an evil or burden; a peculiar or

[1]. 18 Pa.C.S.A. § 311.

[2]. Section 1903 provides in pertinent part:
(a) Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a percular and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

personal advantage or right esp. when enjoyed in derogation of common right: PREROGATIVE."

While this definition provides some insight, we believe the Supreme Court of New Hampshire, interpreting an identical version of Pennsylvania's burglary statute,[3] has persuasively fleshed out the "common and approved usage" of the term. In *State v. Thaxton*, 120 N.H. 526, 527, 419 A.2d 392 393 (1980), the New Hampshire Supreme Court set forth the circumstances upon which a person would be deemed privileged:

"[A] person is privileged, within the meaning of a burglary statute, if he may naturally be expected to be on the premises often and in the natural course of his duties or habits... Further, a person who *is* privileged may still commit burglary *if he would not reasonably be expected to be present ...*" (Emphasis added).

We approve of the New Hampshire court's definition of the term privilege and accordingly adopt that standard for purposes of resolving the issue presented in this case.

Appellant testified at trial that on the evening of July 31, 1979, he left his house around 5:00 p. m. to tend to his cleaning duties at the office building. Appellant further testified that "we cleaned them" and then went home. Although the Commonwealth did not produce sufficient evidence to establish that appellant was not privileged to be on the premises beyond 10 or 11 o'clock for purposes of performing his duties, we are satisfied that the evidence was sufficient to show that appellant's privilege to enter the premises did not extend beyond the scope of his employment. Since appellant had completed his cleaning chores sometime after 5:00 p. m. and thereupon left the building, we find that there was *no reason* for appellant to return and

---

**3.** RSA 635:1 provides in

    I. A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied section thereof, with purpose to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

therefore, his subsequent entry later that night was not privileged.

Judgment of sentence affirmed.