## Commonwealth v. Lewis

*J. Wesley Oler, Jr.*, for defendant.
*J. Michael Eakin, Assistant District Attorney*, for Commonwealth.

HOFFER, *J.*, December 21, 1982—Defendant has been convicted of theft by unlawful taking, burglary, and conspiracy to commit burglary in a bench trial. He now moves for arrest of judgment and a new trial on the grounds that the evidence is insufficient to establish burglary or conspiracy to commit burglary.

Lewis's case was submitted on the following stipulated facts. On the night of March 18, 1982, Lewis was admitted to the Spangler Road facility of AMP, Inc. (hereinafter AMP) by Robert Erford, an AMP security guard, who was on duty that night. Lewis and Erford previously agreed that Lewis would be admitted in order to steal phosphorus bronze valued in excess of $2,000. AMP would not have acquiesced in Erford's decision to admit Lewis. The Spangler Road building was not open to the public at the time of the theft.

## DISCUSSION

The offense of burglary is codified in these words:

Offense defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with the intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter. Crimes Code of December 6, 1972, P.L. 1482, §1, 18 Pa.C.S.A. §3502(a).

Lewis's motion presents this issue: May an employee admit a thief, with full knowledge and intent to further the crime, and thereby license or make privileged the thief's entry, where the employer who owns the building would not have acquiesced in the entry?

The most recent expression of the law concerning the license and privilege aspect of burglary is Com. v. Corbin, 300 Pa. Super. 224, 446 A. 2d 308 (1982). Corbin was a janitor who returned to the building after he had completed his nightly work. He opened the door with his passkey, and he and his accomplices entered to commit a theft. In upholding Corbin's conviction for burglary, the court was satisfied that his "privilege to enter the premises did not extend beyond the scope of his employment." Corbin, supra, p. 311.

In our case we can ascertain no difference between a burglar using his own passkey, as Corbin did, and Lewis's co-conspirator using his passkey. It is beyond question that AMP did not acquiesce in its employee's act, and that the employee lacked the authority to license defendant's entry to the building for the purpose of theft.

Defendant contends that invited entry is licensed entry, and, therefore, is not burglary. He uses Com. v. Starkes, 268 Pa. Super. 108, 407 A. 2d 853 (1979), to support his proposition. This reliance, however, is inappropriate. Starkes stands for the

proposition that there can be no burglary conviction where the building occupier recognizes the thief and willingly lets him in, not knowing the thief's true intent (and, of course, greatly misplacing one's trust).

Defendant also argues that burglary is punishable as a first degree felony because the crime presents a potential for surprise, violence and death; and to punish his invited entry would be inconsistent with the purpose of the burglary statute. We find no merit in this argument. The definition of occupied structure in the burglary statute is "any structure . . . , whether or not a person is actually present." 18 Pa.C.S.A. §3501.

## ORDER OF COURT

And now, December 21, 1982, for the reasons appearing in the opinion filed this date, defendant's motion for a new trial and in arrest of judgment is denied. Upon completion of a short-form presentence investigation report, defendant shall appear for sentence at the call of the district attorney.