2002 ND 79

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Raymond STEIGER, Defendant and Appellant.**

**No. 20010240.**

Supreme Court of North Dakota.

May 14, 2002.

Brian D. Grosinger, Assistant State's Attorney, Mandan, ND, for plaintiff and appellee.

Paul H. Myerchin, Bormann & Myerchin, Bismarck, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Raymond Steiger appeals from a criminal judgment finding him guilty of failure to register as a sex offender under N.D.C.C. § 12.1–32–15. Steiger argues the verdict was not supported by sufficient evidence of a changed, unregistered address. Because the evidence supports the trial court's inference Steiger abandoned his registered address, we affirm the conviction.

I

[¶ 2] Steiger is required to register as a sex offender because of a prior sexual offense conviction in Montana. He registered a Mandan address with North Dakota authorities. While investigating an un-related case, Mandan Police Officer Lonnie Grabowska went to Steiger's registered address to speak with him. Steiger was not present at the address. Detective Grabowska found Steiger at a Bismarck residence. Detective Grabowska questioned Steiger on his address. Steiger replied he lived at the Mandan address and still received mail there. When pressed further, Steiger stated he alternated living between friends and his registered address.

[¶ 3] After this initial contact, Detective Grabowska set up another meeting with Steiger. This was to take place at Steiger's Mandan address. Steiger never arrived at the appointed time. Steiger was eventually found approximately three weeks later when arrested by Bismarck police on an unrelated charge. Steiger was subsequently charged with, and convicted of, failure to register as a sex offender.

II

[¶ 4] Steiger argues the State did not produce sufficient evidence to convict him of failure to register as a sex offender because it did not prove he changed his address. Specifically, he alleges the trial court relied on inadmissible hearsay testimony regarding his Mandan address. When sufficiency of evidence is challenged, "we will examine the evidence in the light most favorable to the verdict to see if a rational trier of fact could have found that the essential elements of the crime were established beyond a reasonable doubt." *State v. Morris,* 331 N.W.2d 48, 53 (N.D.1983). "We look only to the evidence and its reasonable inferences most favorable to the verdict to see whether substantial evidence exists to warrant conviction." *State v. Treis,* 1999 ND 136, ¶ 9, 597 N.W.2d 664.

[¶ 5] Under North Dakota sex offender registration law, an individual required to register must do so within ten days of a change in address:

> If an individual required to register pursuant to this section has a change in name, school, or address, that individual shall inform in writing, within ten days, the law enforcement agency with whom that individual last registered of the individual's new name, school, or address, or employment address if the individual is working in this state but not residing in this state.

N.D.C.C. § 12.1–32–15(7) (1999). A majority of this Court has defined "address" to include both mailing and residential addresses. *State v. Rubey*, 2000 ND 119, ¶ 19, 611 N.W.2d 888. In *Rubey* the defendant, Larry Rubey, was forced to remove himself from his registered address in Washburn because of a permanent protection order. *Id.* at ¶ 4. Rubey obtained a new mailing address in Mandan and failed to notify the McLean County Sheriff's Office of any change in address. *Id.* On appeal to this Court, Rubey argued his conviction must fail "because the State did not prove [he] changed his address." *Id.* at ¶ 12. Rubey argued his address hadn't changed because he "lived out of his truck and only stayed in one place for three or four days." *Id.*

[¶ 6] In holding "address" includes both mailing and residential addresses, the majority determined:

> Using address in the broader sense rather than limiting it to residence, more clearly effects the legislature's intent. It requires offenders who leave their registered address, but do not gain a new permanent residing address to nonetheless notify law enforcement of this change. Allowing sex offenders to circumvent the registration process by physically leaving one residence without technically acquiring a new residence would permit the offender to "slip through the cracks," disappear from law enforcement view and thus thwart the purpose for which this law was enacted. If an offender registered at a particular residing address permanently abandons the address, the offender must register the subsequent residing address if there is one. However, if the offender, as in this case, has no new residing address, but has a new mailing address, the offender must notify authorities of the new address. By concluding address includes mailing addresses and residential addresses, our interpretation effects the purpose of this law without unduly burdening the offender.

*Id.* at ¶¶ 18–19. The intent of the registration provision "[is] to enable law enforcement to keep better track of sex offenders and those who commit crimes against children." *Id.* at ¶ 17. *Rubey* holds the sex offender registration statute requires registration of a mailing address when a residing address has been abandoned and no new residing address has been established. *Id.* at ¶ 19. *Rubey* does not support the contention that retaining a mailing address is sufficient compliance when a person has a new residing address or multiple residing addresses.

[¶ 7] Steiger argues there is a lack of admissible evidence in the record to support the conclusion he abandoned his address without informing the proper authorities. Steiger argues without the admission of, and reliance upon, hearsay testimony the trial court was left with insufficient evidence of any alleged abandonment of his registered address.

[¶ 8] As part of his testimony, Detective Grabowska stated a third person told him Steiger no longer lived at the Mandan address. The trial court overruled hearsay objections to this testimony,

stating it was not admitting the statements for their truth as to whether Steiger lived at the address, but rather, was admitting the statements to explain Detective Grabowska's investigative process:

> Q. Did you have any information on that day that led you to believe he was still living at that address?
>
> A. Yes, some information was given that he was not living at that address.
>
> MR. MYERCHIN: Objection, hearsay.
>
> THE COURT: I am not taking it for the truth. I am taking it for the follow-up and what he did. Go ahead.
>
> . . . .
>
> Q. What steps did you do to track him down?
>
> A. I met with a Robert Jackman at the residence at 1306 1st St. NW. He told me he was no longer living there and he hasn't seen him.
>
> MR. MYERCHIN: Objection.
>
> THE COURT: Overruled. It's part of the investigation. Overruled. Not for the truth, it's for follow-up.

Steiger argues that while the trial court may have stated it was not admitting the testimony for its veracity, in making its factual determinations the trial court accepted the testimony as the truth. In its findings, the trial court stated:

> The evidence that I have in the record indicates that on the 26th or 27th of January, the officer went to the place registered as his address and learned at that time that Mr. Steiger was no longer there. He was advised that he didn't live there.

Steiger's reliance upon the trial court's factual findings is misplaced. In a criminal case tried without a jury, the trial court need only make a general finding of guilty or not guilty. N.D.R.Crim.P. 23(d). *See also State v. Berger,* 235 N.W.2d 254, 263 (N.D.1975) ("In a criminal case tried to the court without a jury, the court is not required to make findings of fact. It either finds the defendant guilty or not guilty in the same manner as a jury."). Accordingly, this Court is not limited to the reasons a trial court gives for a finding of guilt. Instead, we consider the entire record to decide whether substantial evidence exists to support the conviction. *See State v. Hartleib,* 335 N.W.2d 795, 797 (N.D.1983).

■ [¶ 9] Regardless of the allegedly hearsay testimony, the admissible evidence in the record, when viewed in a light most favorable to the verdict, establishes guilt beyond a reasonable doubt. The evidence in the record establishes Detective Grabowska made two trips to Steiger's registered address, including one at an agreed upon time, when Steiger was absent. It also establishes Steiger admitted he "lives between friends." Finally, the evidence establishes Steiger "was not on the lease" of the Mandan address.[1] Steiger's statement he lived between friends, coupled with his repeated absences from the registered address and his not being on the lease, when viewed in the light most favorable to the verdict, could lead the trial court to infer Steiger had abandoned his address. Based on this inference, the conviction for failure to register as a sex offender was established beyond a reasonable doubt.

---

1. This evidence came in via Detective Grabowska's testimony. Steiger objected to this portion of Detective Grabowska's testimony on relevancy grounds. The presence or absence of a person's name on a lease certainly makes the factual question of whether an address has been abandoned more or less probable, and therefore, relevant. By objecting on relevancy grounds only, Steiger waived other grounds for objection. *See State v. Dietz,* 115 N.W.2d 1, 8 (N.D.1962).

### III

[¶ 10]   We affirm the conviction for failure to register as a sex offender because the evidence, and the reasonable inferences to be drawn from it, establish beyond a reasonable doubt Steiger failed to register within ten days of his change in address.

[¶ 11] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.