2004 ND 10

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Paul Genaro Maldonado MORALES, Defendant and Appellant.**

**No. 20030107.**

Supreme Court of North Dakota.

Jan. 14, 2004.

Trent W. Mahler (argued) and Lori S. Mickelson (on brief), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee.

Monty G. Mertz, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Paul Gerano Maldonado Morales appeals from a judgment of conviction of felony criminal trespass and simple assault of a police officer. We affirm.

I.

[¶ 2] On the night of July 23, 2002, Morales was present at the apartment of Pixie Daugherty in Fargo, North Dakota, along with several other people. Initially, Morales was a guest of Daugherty. However, later in the evening, someone at the apartment called the police and asked them to remove Morales from the premises. Several Fargo police officers arrived at the scene and informed Morales he was no longer welcome and would have to vacate the premises. Police informed Morales if he returned to the apartment he would be trespassing and subject to arrest. At the trial, the officers who were present during the first encounter testified Morales appeared to understand the instruction and left the premises.

[¶ 3] Later on that evening, Morales returned to Daugherty's residence and entered through a window in Daugherty's bedroom while she slept. Upon discovering Morales had re-entered the premises, someone at the house called the Fargo police, asking for him to be removed. When officers arrived at the scene, Morales retreated into Daugherty's bedroom and shut the door. The officers approached the door and informed Morales he was under arrest. At that time, officers heard the sounds of personal property being destroyed in the bedroom. Officers further testified that when one of the officers opened the door, Morales threw several objects at him. Morales threw a portable fan, which crashed against the wall. One of the officers testified he was struck on the back of his neck with a mug thrown by Morales. After the officer was struck with the mug, the officer retreated into the living room. Another officer attempted to enter the bedroom, and Morales threw a telephone and a hammer at that officer.

[¶ 4] Additional officers arrived at the scene, and they were eventually able to subdue Morales with pepper spray. Morales resisted arrest, but was secured and removed from the apartment.

[¶ 5] On July 25, 2002, Morales was charged with simple assault of a police officer, criminal trespass, preventing arrest, criminal mischief, and two counts of simple assault. At a jury trial on March 25, 2003, Morales was found guilty of simple assault of a police officer, criminal trespass, and preventing arrest. Morales appealed.

II.

[¶ 6] Morales was convicted of a class C felony criminal trespass. Morales argues the district court erred when it failed to separately instruct the jury on the issue of whether Morales was licensed or

privileged to be on the property. Morales argues he was licensed or privileged to be on the property because his name was on a lease and he was never lawfully evicted from the premises by the landlord in a legal action. At trial, Morales requested an instruction on license or privilege, but the district court refused.

[¶ 7] The applicable statute provides:

1. A person is guilty of a class C felony if, knowing that he is not licensed or privileged to do so, he enters or remains in a dwelling or in highly secured premises.

2. A person is guilty of a class A misdemeanor if, knowing that he is not licensed or privileged to do so, he:

a. Enters or remains in any building, occupied structure, or storage structure, or separately secured or occupied portion thereof; or

b. Enters or remains in any place so enclosed as manifestly to exclude intruders.

3. A person is guilty of a class B misdemeanor if, knowing that that person is not licensed or privileged to do so, that person enters or remains in any place as to which notice against trespass is given by actual communication to the actor by the person in charge of the premises or other authorized person or by posting in a manner reasonably likely to come to the attention of intruders. The name of the person posting the premises must appear on each sign in legible characters. A person who violates this subsection is guilty of a class A misdemeanor for the second or subsequent offense within a two-year period.

4. A person is guilty of a class B misdemeanor if that person remains upon the property of another after being requested to leave the proper-ty by a duly authorized person. A person who violates this subsection is guilty of a class A misdemeanor for the second or subsequent offense within a two-year period.

N.D.C.C. § 12.1–22–03.

[¶ 8] "A defendant is entitled to a jury instruction on a legal position if there is some evidence to support it." *State v. Larson*, 554 N.W.2d 655, 656 (N.D. 1996) (citing *State v. Thiel*, 411 N.W.2d 66, 67 (N.D.1987)). The district court is not required to instruct the jury in specific language requested by the defendant, even if it is a correct statement of the law. *State v. Farzaneh*, 468 N.W.2d 638, 643 (N.D.1991) (citing *State v. Erban*, 429 N.W.2d 408, 413 (N.D.1988); *State v. White*, 390 N.W.2d 43, 45 (N.D.1986); *State v. Dilger*, 338 N.W.2d 87 (N.D.1983)).

[¶ 9] The instruction given to the jury on the trespass charge read as follows:

The State's burden of proof is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements:

(1) On or about the 24th day of July, 2002, in Cass County, North Dakota, the Defendant, Paul Genaro Maldonado Morales, willfully entered or remained in a certain dwelling; namely, the dwelling of Pixie L. Daugherty; and

(2) The Defendant did so, knowing that the Defendant was not licensed or privileged to do so.

[¶ 10] Section 12.1–22–03(1), N.D.C.C., provides a person is guilty of criminal trespass if, knowing he is not licensed or privileged to do so, he enters or remains in a dwelling. "Privilege is the freedom or authority to act and to use property." *State v. Ronne*, 458 N.W.2d 294, 297 (N.D.1990) (citing *State v. Mehralian*, 301 N.W.2d 409 (N.D.1981); *State v.*

*Haugen,* 458 N.W.2d 288 (N.D.1990)). In *Ronne,* this Court stated "privilege" in a burglary statute means a person is privileged if "he may naturally be expected to be on premises often and in the natural course of his duties or habits." *Id.* (citing *State v. Kreth,* 150 Vt. 406, 553 A.2d 554 (1988)). Morales argues he was licensed or privileged to enter the premises and remain there because his name was on a lease signed by himself and Daugherty, and he was never formally evicted. We find this argument unpersuasive.

[¶ 11] At trial two documents described as "leases" were offered as exhibits. The lease offered by Morales was dated April 26, 2001. The lease offered by Morales had signatures from himself and Daugherty; however, the lease was not signed by the landlord. The lease offered by the State was dated May 1, 2001. This document was signed by Daugherty and Daugherty's landlord. Morales argued the May 1, 2001, contract between Daugherty and the landlord was ineffective because it required a novation from all parties, and therefore, the April 26, 2001, lease was the only effective lease, giving Morales a license or privilege to be on the property.

[¶ 12] North Dakota law defines a novation as "the substitution of a new obligation for an existing one." N.D.C.C. § 9–13–08. Further, the code provides that a "[n]ovation is made by contract and is subject to all the rules concerning contracts in general." N.D.C.C. § 9–13–09. Under general contract law, the requirements for a novation are: a previous valid obligation, an agreement of all the parties to a new contract, and the extinguishment of the old obligation for a new, valid obligation. *Black's Law Dictionary* 1064 (6th ed.1991). The lease offered by Morales has signatures from Daugherty and Morales; however, it was never signed by the landlord. The document produced by Morales is not a binding rental contract and is therefore not capable of being the subject of a novation.

[¶ 13] There is other evidence demonstrating Morales knew he did not belong on the property. Daugherty testified she was asleep at the time Morales entered the apartment through a bedroom window and she never gave him any indication to think he was allowed to enter the premises after the police had been called earlier in the evening. At trial, Fargo police officers testified Morales did not claim he thought he was licensed or privileged to enter the home on either the first or second occasion they were called to the Daugherty residence to remove Morales. Daugherty testified Morales had not lived in the apartment for at least one year. Finally, when Morales entered the premises the second time, he entered surreptitiously through a window in Daugherty's bedroom. These actions indicate Morales knew he was not licensed or privileged to enter the property and remain there.

[¶ 14] Morales was not entitled to a jury instruction on the issue of license or privilege to enter the premises, because he had no evidence proving he was licensed or otherwise privileged to remain on the premises.

III.

[¶ 15] Morales argues the district court erred in refusing to instruct the jury on the lesser offense of criminal trespass under N.D.C.C. § 12.1–22–03(4), a misdemeanor offense, which does not require the element of knowing he was not licensed or privileged to be there.

[¶ 16] There is no constitutional right to a jury instruction on a lesser included offense. *State v. Piper,* 261 N.W.2d 650, 653 (N.D.1977) (citing *Keeble v. United States,* 412 U.S. 205, 213, 93

S.Ct. 1993, 36 L.Ed.2d 844 (1973)). "A determination that an offense is a lesser included offense does not necessarily require that a lesser included offense instruction be given upon request." *State v. Tweed,* 491 N.W.2d 412, 414 (N.D.1992) (quoting *State v. Langan,* 410 N.W.2d 149, 152 (N.D.1987)).

[¶ 17] We recognize the importance of giving instructions on lesser included offenses when the particular facts of the case warrant it. *Tweed,* at 416. "Instructing the jury on a lesser included offense, when the evidence so warrants, provides the defendant with a 'procedural safeguard.'" *Id.* "The defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Tweed,* at 414 (quoting *State v. Houser,* 261 N.W.2d 382, 384 (N.D.1977)).

[¶ 18] This Court is reluctant to require district courts to instruct on lesser included offenses of the crimes charged regardless of the evidence presented at trial, because it would lead to a less reliable jury verdict. *Tweed,* at 415. Instructions on lesser included offenses may lead the jury to compromise, which is not compatible with the function of a jury in a criminal case. *Id.* (quoting *State v. Piper,* 261 N.W.2d 650, 654 (N.D.1977)).

[¶ 19] This Court applies a two-part inquiry to determine whether a defendant is entitled to a jury instruction on a lesser included offense. *Piper,* at 654. First, the offense must be a lesser included offense of the offense charged. *Id.* Second, there must be evidence which creates a reasonable doubt as to the greater offense and supports a conviction of the lesser included offense. *Id.*

[¶ 20] The State does not contest criminal trespass under N.D.C.C. § 12.1–22–03(4) is a lesser included offense. Therefore we address only the second prong of the two-part inquiry. Morales fails to meet the second prong of the inquiry.

[¶ 21] Morales argues his production of a lease at trial, unsigned by the landlord, negates the "knowing" element of the greater offense, thus creating a reasonable doubt. Although Morales argues the purported lease negates the "knowing" element of the charge under N.D.C.C. § 12.1–22–03(1), the lease, if valid, would be a defense to a charge of trespass. If Morales's evidence is to be believed, it would not require an instruction as to a lesser included offense, because the evidence offered by Morales would support a defense to the charge of criminal trespass, both the felony and the misdemeanor. *State v. Skjonsby,* 319 N.W.2d 764, 778 (N.D.1982). Assuming Morales's evidence creates a reasonable doubt as to the greater offense, it would also create a reasonable doubt as to the lesser offense. *Id.*

[¶ 22] If Morales's lease were accepted as valid, there would be no trespass under N.D.C.C. § 12.1–22–03(4). The premises would not have been the "property of another" from which he could be excluded under subsection 4. Evidence which establishes a defense to both the greater and the lesser offense does not support a jury instruction on a lesser included offense. *Piper,* at 654–55.

[¶ 23] The evidence offered at trial does not support a charge under the misdemeanor offense. In contrast with the first three subsections of N.D.C.C. § 12.1–22–03, which address both entry upon or remaining in an unauthorized place, subsection 4 addresses a person who "remains upon the property of another after being requested to leave the property by a duly authorized person." N.D.C.C. § 12.1–22–03(4). Morales left the property after the first encounter with the police when he

was warned that he would be trespassing if he returned. It is his re-entry of the property that is the essence of his criminal trespass.

[¶ 24] The right to an instruction on a lesser included offense is dependent upon the evidence heard by the jury. The evidence heard by the jury does not provide reasonable doubt that Morales knew he had no privilege to be on the premises. The evidence does not support a charge he remained on the premises after being requested to leave. The district court did not err in refusing to give an instruction on trespass under N.D.C.C. § 12.1–22–03(4).

## IV.

[¶ 25] Morales argues there is insufficient evidence to support a jury verdict that he committed assault on a police officer, because the State did not present evidence that the officer sustained bodily injury. Morales further argues the police failed to collect the mug which struck the officer for evidence purposes. The State contends there was sufficient evidence to support the conviction. We agree the evidence supports the verdict. The applicable statute provides:

1. A person is guilty of an offense if that person:

a. Willfully causes bodily injury to another human being; or

b. Negligently causes bodily injury to another human being by means of a firearm, destructive device, or other weapon, the use of which against a human being is likely to cause death or serious bodily injury.

2. The offense is:

a. A class C felony when the victim is a peace officer or correctional institution employee acting in an official capacity, which the actor knows to be a fact, a person engaged in a judicial proceeding, or a member of a municipal or volunteer fire department or emergency medical services personnel unit or emergency department worker in the performance of the member's duties.

b. A class B misdemeanor for the first offense when the victim is an actor's family or household member as defined in subsection 4 of section 14–07.1–01 and a class A misdemeanor for a second or subsequent offense when the victim is an actor's family or household member as defined in subsection 4 of section 14–07.1–01 and the actor has a prior conviction for simple assault involving the commission of domestic violence as defined in subsection 2 of section 14–07.1–01. For purposes of this subdivision, a prior conviction includes a conviction of simple assault in which a finding of domestic violence was made under a law or ordinance of another state which is equivalent to this subdivision.

c. A class B misdemeanor except as provided in subdivision a or b.

N.D.C.C. § 12.1–17–01.

[¶ 26] The essential elements of simple assault on a police officer include willfully causing bodily injury. Our statutes define "willfully" as conduct engaged in "intentionally, knowingly, or recklessly." N.D.C.C. § 12.1–02–02(1)(e). The North Dakota Criminal Code states that conduct is "intentional" if it is the individual's purpose to engage in the conduct. N.D.C.C. § 12.1–02–02(1)(a). An individual "knowingly" engages in conduct when "he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so." N.D.C.C. § 12.1–02–02(1)(b). A person engages in conduct "recklessly" if "he en-

gages in the conduct in conscious and clearly unjustifiable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct." N.D.C.C. § 12.1–02–02(1)(c). The criminal code further provides "bodily injury" is the "impairment of any physical condition, including physical pain." N.D.C.C. § 12.1–01–04(4).

[¶ 27] When the sufficiency of the evidence is challenged, this Court examines the evidence in the light most favorable to the verdict to see whether a rational trier of fact could have found that the essential elements of the crime were established beyond a reasonable doubt. *State v. Steiger*, 2002 ND 79, ¶ 4, 644 N.W.2d 187 (citing *State v. Morris*, 331 N.W.2d 48, 53 (N.D.1983)). On appeal, this Court looks only to the "evidence and its reasonable inferences most favorable to the verdict to see whether substantial evidence exists to warrant conviction." *Steiger*, at ¶ 4 (quoting *State v. Treis*, 1999 ND 136, ¶ 9, 597 N.W.2d 664). "Reversal is warranted only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *City of Grand Forks v. Thong*, 2002 ND 48, ¶ 18, 640 N.W.2d 721 (citing *City of Jamestown v. Neumiller*, 2000 ND 11, ¶ 5, 604 N.W.2d 441).

[¶ 28] In order to prove Morales committed simple assault upon a peace officer, the State must demonstrate Morales willfully engaged in activity resulting in physical pain to one or more of the officers present at the scene. Testimony at trial established one of the officers sustained bodily injury and suffered physical pain when an object thrown by Morales struck him in the back of the neck. The officer sustaining the injury testified he saw Mor-

ales throw the object at him and he turned his head to avoid being struck, but was hit in the back of the neck. The officer testified he suffered bodily injury and pain as a result of the object thrown by Morales striking him in the back of the neck. Another officer testified he saw the object strike the officer in the back of the neck and testified the officer exhibited signs that he suffered physical pain after he was struck.

[¶ 29] Conduct exhibited by Morales at the scene presents evidence that he at least knowingly threw an object at one of the officers with the intent that the object would come in contact with the officer and cause him bodily injury. Viewing this testimony in a light most favorable to the verdict supports the conviction.

[¶ 30] We affirm the conviction.

[¶ 31] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.