NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2433
_____

BILLY CLIFFORD STANLEY,
                                    Appellant

v.

RAYMOND J. SOBINA, WARDEN;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
THE DISTRICT ATTORNEY OF THE COUNTY OF ERIE COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 08-cv-00137
(Honorable U.S. Magistrate Judge Susan Paradise Baxter)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2012

Before:  SCIRICA, AMBRO and NYGAARD, *Circuit Judges*.

(Filed: April 27, 2012)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Billy Clifford Stanley was found guilty of burglary, in violation of 18 Pa. C.S.A. §

3502(a), in Pennsylvania state court.  On a petition for writ of federal habeas corpus,

Stanley argues the evidence at trial was insufficient to support a conviction for burglary under Pennsylvania law. We will affirm the order of the District Court.[1]

## I.

On August 8, 2004, at 1:30 a.m., Billy Clifford Stanley entered the apartment of his sister, Shawn Crass. Asleep in the bedroom were Stanley's niece, fifteen-year-old Nichole Mazola, and her boyfriend, Shon Loucks. Mazola and Loucks were staying at Crass's apartment for the night to babysit Crass's infant daughter. Loucks awoke to a loud crash coming from the front door seconds before Stanley rushed into the bedroom. Stanley struck Mazola once before restraining Loucks with a blanket and punching him numerous times. When Mazola attempted to call for help, Stanley ripped the phone cords out of the wall. As Stanley continued to assault Loucks, Mazola ran to a neighbor's apartment to call the police. Stanley had left the apartment by the time Mazola returned. When officers arrived, they noted the front doorjamb was destroyed and pieces of the doorjamb were strewn around the front door.

At trial, both Mazola and Loucks testified they were not aware Stanley would enter the apartment, nor were they expecting him. Mazola produced a note from Crass giving herself and Loucks permission to spend the night at Crass's apartment. In addition, Mazola stated the doorjamb was not damaged when she arrived that evening. But Crass testified the doorjamb had been destroyed months earlier and she had purposely left the broken pieces on the floor around the front entrance. Crass also stated

---

[1] The Magistrate Judge had jurisdiction under 28 U.S.C. § 636(c)(1). The District Court had jurisdiction under 28 U.S.C. §§ 2241 and 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

2

Stanley had permission to enter her apartment at any time without restriction.

A jury found Stanley guilty of burglary.[2]  The state trial court sentenced Stanley to 105-248 months' imprisonment.  Stanley appealed to the Pennsylvania Superior Court, claiming the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of burglary.  The Pennsylvania Superior Court affirmed his conviction and sentence, rejecting his insufficiency of the evidence claim on the merits.  The Pennsylvania Supreme Court denied his petition for appeal.

Having exhausted his direct appeal, Stanley petitioned for relief under Pennsylvania's Post Conviction Relief Act (PCRA), raising only a Sixth Amendment right to counsel claim.[3]  The PCRA court dismissed the PCRA petition and the Pennsylvania Superior Court affirmed.  Stanley then filed a Petition for Writ of Habeas Corpus in the U.S. District Court for the Western District of Pennsylvania.  The District Court denied the habeas petition and denied a certificate of appealability.  We granted a certificate of appealability only as to the insufficiency of the evidence claim.

**II.**

We review a district court's denial of habeas relief de novo.  *Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).  Because the Pennsylvania Superior Court

---

[2] Stanley was also found guilty of  five counts of simple assault, in violation of 18 Pa.C.S.A. § 2701; recklessly endangering another person, in violation of 18 Pa.C.S.A. § 2705; and disorderly conduct, in violation of 18 Pa.C.S.A. § 5503.

[3] Stanley was not required to raise his insufficiency of the evidence claim before the PCRA court.  Exhaustion is satisfied when the issue is presented before the highest state appellate court; the petitioner is not required to raise the same issue on collateral attack in order to preserve it for habeas corpus review.  *Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

rejected Stanley's claims on the merits, we may grant habeas relief only if the Pennsylvania Superior Court's adjudication of Stanley's claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

**III.**

Stanley contends the evidence presented at trial was insufficient to support a conviction for burglary under Pennsylvania law. Because a rational fact finder could have found there was sufficient evidence to prove all the elements of burglary beyond a reasonable doubt, we reject Stanley's constitutional claim.

A claim for insufficiency of the evidence in a state conviction is a cognizable claim in a federal habeas proceeding. *Jackson v. Virginia*, 443 U.S. 307, 320 (1979). *Jackson v. Virginia* set forth the applicable standard:

> [T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . . does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson*, 443 U.S. at 318-19 (emphasis in original); *Jackson v. Byrd*, 105 F.3d 145, 147 (3d Cir. 1997).

Under Pennsylvania law, a person is guilty of burglary if: (1) he enters a building or occupied structure, (2) with the intent to commit a crime therein, (3) unless the

4

premises were at the time open to the public or he was licensed or privileged to enter. 18 Pa.C.S.A. § 3502(a). A person is privileged to enter a building "if he may naturally be expected to be on the premises often and in the natural course of his duties or habits . . . . Further, a person who is privileged may still commit burglary *if he would not reasonably be expected to be present*." *Commonwealth v. Corbin*, 446 A.2d 308, 311 (Pa. Super. 1982) (emphasis in original). Lack of privilege may be inferred from circumstantial evidence. *Commonwealth v. Gordon*, 477 A.2d 1342, 1348 (Pa. Super. 1984).

Stanley contends the evidence was insufficient to prove the third element, that he did not have permission to enter the apartment, primarily because Crass testified she allowed Stanley unrestricted access to her apartment at any time. Stanley also points to Crass's testimony that the damage to the front door had occurred months prior to the incident. He challenges the Superior Court's determination that a jury could disregard Crass's testimony as lacking credibility and instead rely upon circumstantial evidence showing he was not permitted to enter the apartment.

The jury was free to disbelieve Crass's testimony that Stanley was permitted to enter her apartment, and viewing the evidence in the light most favorable to the Commonwealth, a rational fact finder could have found Crass's testimony lacked credibility. *See Commonwealth v. Frisbie*, 889 A.2d 1271, 1274-75 (Pa. Super. 2005) (recognizing the trier of fact is "free to believe all, part or none of the evidence"). Setting aside Crass's testimony, the Commonwealth presented circumstantial evidence showing: the apartment doorjamb was forcibly destroyed; pieces of the broken doorjamb were strewn around the front entrance; Loucks heard a loud crash immediately before Stanley

5

rushed into the apartment; the occupants did not expect Stanley to enter the apartment and were even under the impression he was not permitted to enter; and Stanley began assaulting Mazola and Loucks upon entering.

Based on these facts, there was sufficient circumstantial evidence for a rational trier of fact to conclude beyond a reasonable doubt Stanley was not privileged to enter Crass's apartment. Given that the Commonwealth presented sufficient evidence to establish each element of the crime of burglary beyond a reasonable doubt, the Pennsylvania Superior Court's judgment affirming Stanley's conviction for burglary did not constitute an unreasonable application of established federal law.

## IV.

For the foregoing reasons, we will affirm.