2005 ND APP 6

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Loren Nelson BERNSTEIN, Defendant and Appellant.**

No. 20040298CA.

Court of Appeals of North Dakota.

May 26, 2005.

Anthony Swain Benson (on brief), Assistant State's Attorney, for plaintiff and appellee.

James G. Wolff (argued), The Law Offices of James G. Wolff, Mohall, N.D., for defendant and appellant.

PER CURIAM.

[¶ 1] Loren Bernstein has appealed from an order deferring imposition of sentence upon a conviction for criminal trespass. We reverse and remand for a new trial, concluding that the district court erred in refusing to admit evidence that

Loren's father had told him to go to the property to retrieve some personal items.

I

[¶ 2] In 1972, LeRoy Bernstein deeded certain land to his daughter, Caroljoy Richard, and her husband. Caroljoy and her husband lived in a house on the property. In 1987, Caroljoy allowed LeRoy to move his house onto the property, and he lived there from 1987 to 2004. Each house had its own driveway. LeRoy's son, Loren, visited him in his house on a daily basis, regularly bringing the mail and newspaper to his father.

[¶ 3] In late October 2003, LeRoy was hospitalized. He asked Loren to go to the house and bring certain personal items to him in the hospital. Loren went to the property, but found that LeRoy's house was locked. A key which LeRoy kept in his garage so his children could get into the house had been removed. When Caroljoy noticed Loren was at LeRoy's house, she went over and told him it was her property and he was not allowed to go into LeRoy's house. Caroljoy also posted a no trespassing sign on the driveway leading to LeRoy's house.

[¶ 4] Loren claims that LeRoy, after learning of Caroljoy's refusal to allow Loren into the house, again told Loren to go to the house and bring back certain items, and to use whatever means ·necessary to get in. Loren returned to the property but again found the house locked. During this visit, he removed the no trespassing sign and placed it in LeRoy's garage.

[¶ 5] When Caroljoy learned that Loren had been in LeRoy's garage, she signed a criminal complaint against him for trespassing. Loren was charged with criminal trespass in violation of N.D.C.C. § 12.1–22–03(3).

[¶ 6] The case was tried to the court without a jury. At trial, Loren argued that he believed he had a license or privilege to be on the property. When Loren was· asked on direct examination about the statements made to him by his father at the hospital. directing Loren to go to his house, the State objected on hearsay grounds. The trial court reserved ruling on the State's objection, but allowed Loren to testify about the conversations with his father subject to the court's subsequent ruling on admissibility. LeRoy had died prior to the trial, · so Loren offered into evidence an affidavit from LeRoy stating that: (1) he had requested Loren to go to his house and bring certain personal items to him in the hospital, and (2) when Loren returned and told him the house was locked and he could not get in, LeRoy told Loren to "go and get thé door· opened however would be required to bring me what I was in need of." The State objected to admission of the affidavit on hearsay grounds, and the trial ·court again ·reserved ruling on the objection.

[¶ 7] At the conclusion of the trial, the court ruled that LeRoy's affidavit and Loren's testimony about what his father told him at the hospital were irrelevant, and excluded the evidence. Loren's counsel asked whether the court was excluding the evidence on relevance grounds and not hearsay grounds, and the court answered, "Correct." ·The court found Loren guilty of criminal trespass and ordered . a deferred imposition of sentence.

II

[¶ 8] The order deferring imposition of sentence was filed on October 13, 2004. On October 21, 2004, Bernstein filed a notice of appeal "from the Final Judgment entered in this action on October 13, 2004." However, no separate judgment of conviction was ever entered.

[¶ 9] An order deferring imposition of sentence is not an appealable order under N.D.C.C. § 29-28-06. *State v. Nelson*, 2005 ND 11, ¶ 5, 691 N.W.2d 218. However, when the order deferring imposition of sentence meets the requirements of N.D.R.Crim.P. 32(b) for criminal judgments and no separate judgment of conviction has been entered, the order serves as the judgment of conviction and is appealable. *Nelson*, at ¶ 5, 691 N.W.2d 218; *State v. Berger*, 2004 ND 151, ¶ 8, 683 N.W.2d 897. The order in this case includes the plea, the verdict, and the sentence imposed, and therefore satisfies the requirements of N.D.R.Crim.P. 32(b). Accordingly, the order deferring imposition of sentence serves as the judgment of conviction and the appeal is properly before us. *See Nelson*, at ¶ 5, 691 N.W.2d 218; *Berger*, at ¶ 8, 683 N.W.2d 897.

### III

[¶ 10] Loren argues the trial court erred in concluding that evidence of what LeRoy told him at the hospital was irrelevant.

[¶ 11] A trial court has broad discretion in evidentiary matters, and its decision to admit or exclude evidence will not be overturned on appeal unless the court abused its discretion. *State v. Jaster*, 2004 ND 223, ¶ 12, 690 N.W.2d 213; *City of Fargo v. Habiger*, 2004 ND 127, ¶ 31, 682 N.W.2d 300. A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law. *State v. Tupa*, 2005 ND 25, ¶ 3, 691 N.W.2d 579.

[¶ 12] Loren was charged with criminal trespass in violation of N.D.C.C. § 12.1-22-03(3), which provides in pertinent part:

A person is guilty of a class B misdemeanor if, knowing that that person is not licensed or privileged to do so, that person enters or remains in any place as to which notice against trespass is given by actual communication to the actor by the person in charge of the premises or other authorized person or by posting in a manner reasonably likely to come to the attention of intruders.

Under the criminal trespass statute, "privilege" is the freedom or authority to act and to use the property. *State v. Morales*, 2004 ND 10, ¶ 10, 673 N.W.2d 250; *State v. Purdy*, 491 N.W.2d 402, 410 (N.D.1992). A person is privileged if "he may naturally be expected to be on the premises often and in the natural course of his duties or habits." *Morales*, at ¶ 10 (quoting *State v. Ronne*, 458 N.W.2d 294, 297-98 (N.D. 1990)). A person is "licensed" to be on property if the entry was consensual. *See Purdy*, at 410; *Ronne*, at 297-98.

[¶ 13] Under N.D.C.C. § 12.1-22-03(3), the State was required to prove beyond a reasonable doubt that Loren knew that he was not licensed or privileged to enter his father's house or garage. *See Heckelsmiller v. State*, 2004 ND 191, ¶¶ 10, 12, 687 N.W.2d 454; *Morales*, 2004 ND 10, ¶¶ 15, 21, 673 N.W.2d 250. The defendant's state of mind is therefore an element of the offense, and evidence tending to show his state of mind would be relevant and admissible. *See* N.D.R.Ev. 401 and 402.

[¶ 14] For purposes of N.D.C.C. tit. 12.1, a person engages in conduct "knowingly" if, "when he engages in the conduct, he knows or has a firm belief, unaccompanied by substantial doubt, that he is doing so, whether or not it is his purpose to do so." N.D.C.C. § 12.1-02-02(1)(b); *see Morales*, 2004 ND 10, ¶ 26, 673 N.W.2d 250; *In re J.D.*, 494 N.W.2d 160, 162 (N.D.1992); *State v. Kaufman*,

310 N.W.2d 709, 713 (N.D.1981). Knowledge need not be absolute, but merely a firm belief unaccompanied by substantial doubt. *J.D.*, at 162; *Kaufman*, at 713. Knowledge is a question of fact. *State v. Hammond,* 498 N.W.2d 126, 129 (N.D. 1993); *J.D.*, at 162; *Kaufman*, at 713.

[¶ 15] The knowledge requirement is a subjective test, and "[t]he factfinder must make its determination based upon whether the facts and circumstances would have caused this particular defendant to 'know' the requisite facts." *Kaufman*, at 714. The finder of fact therefore must consider all of the surrounding facts and circumstances in determining the defendant's knowledge. *Hammond*, 498 N.W.2d at 129; *Kaufman*, at 714. Thus, to satisfy the knowledge element of the offense of criminal trespass under N.D.C.C. § 12.1–22–03(3), the State was required to prove that Loren knew or had a firm belief, unaccompanied by substantial doubt, that he was not licensed or privileged to be on the property.

[¶ 16] The trial court appears to have based its conclusion that evidence about LeRoy's statements to Loren in the hospital was irrelevant upon a misinterpretation of the elements of criminal trespass under N.D.C.C. § 12.1–22–03(3). At the conclusion of the trial, the court announced from the bench its decision finding Loren guilty of criminal trespass. The court began its oral decision by stating: "And the way the Court sees this matter is that the basic issue is did Loren Bernstein have license or privilege to be on the property on that particular day, Friday, November 1st, 2003?" The court then concluded that, because Caroljoy was the owner of the property and had told Loren to stay off the property, it was not reasonable for Loren to think that he could be on the property. The court concluded it did not matter what LeRoy told Loren because LeRoy did not have authority over the property, and therefore the evidence was irrelevant.

[¶ 17] The court's analysis essentially eliminates the knowledge element of the offense. The crucial inquiry is not, as the trial court stated, whether Loren was actually licensed or privileged to be on the property, but whether Loren subjectively knew he was not licensed or privileged to be there. The fact that a person who is ultimately determined to be in charge of the premises tells the defendant to stay off of the property is only the beginning of the inquiry. The State must also prove that the defendant knew he was not licensed or privileged to be on the property.

[¶ 18] In this case, there was evidence which may have suggested to a layperson that LeRoy had the authority to allow persons onto the property. In addition to the excluded evidence detailing LeRoy's statements to Loren, there was evidence of an unrecorded deed purporting to reserve a life estate in LeRoy; LeRoy paid the real estate taxes on the house; Loren had for years gone to the house on a daily basis to visit his father; and Caroljoy admitted LeRoy had authority over his house and could determine its use while he was on the property, but that she exercised control of the house when he was away. The trial court was presented with a disputed factual issue whether Loren knew or had a firm belief, unaccompanied by substantial doubt, that he was not licensed or privileged to enter his father's house and garage. Under the circumstances, evidence of LeRoy's statements instructing Loren to go to the house and bring back certain personal items for LeRoy are directly relevant to the issue of Loren's knowledge or belief that he had a license or privilege to be on the property. If Loren believed that his father had the authority to consent to his entry onto the

property, the knowledge element of criminal trespass under N.D.C.C. § 12.1–22–03(3) would be missing.

[¶ 19] We conclude the trial court erred in determining evidence of LeRoy's statements to Loren was irrelevant, and the court abused its discretion in excluding the evidence on relevance grounds. *See Hammond*, 498 N.W.2d at 129 (trial court abused its discretion and misapplied the law when it overlooked the issue of whether a post-dated check was "knowingly received").

## IV

[¶ 20] The State contends that, even if the trial court erred in excluding the evidence on relevance grounds, the evidence is nevertheless inadmissible hearsay. The State objected to the evidence on hearsay grounds, but the court did not address the hearsay objection when it excluded the evidence. When the judgment below is entirely favorable to the appellee, he is entitled to attempt to save the judgment upon any ground asserted in the trial court. *State v. Sabinash*, 1998 ND 32, ¶ 19, 574 N.W.2d 827.

## A

[¶ 21] We first consider the trial court's refusal to admit Loren's testimony that his father told him to go to the house and bring back to the hospital certain personal items.

[¶ 22] Under N.D.R.Ev. 801(c), hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." If an out-of-court statement is not offered to prove its truth, it is not hearsay. *Moen v. Thomas*, 2001 ND 95, ¶ 11, 627 N.W.2d 146; *Ehrlich v. Backes*, 477 N.W.2d 211, 214 (N.D.1991); *State v. Welch*, 426 N.W.2d 550, 555 (N.D.1988). A statement offered to prove that it was made is not hearsay. *Moen*, at ¶ 11, 627 N.W.2d 146; *Ehrlich*, at 214; *Welch*, at 555.

[¶ 23] Accordingly, a statement offered to show its effect upon the state of mind of the listener, rather than the truth of the matter asserted, is not hearsay. *State v. Hart*, 1997 ND 188, ¶ 20, 569 N.W.2d 451. When a person's knowledge or lack of knowledge is at issue, statements affecting the person's state of mind are not hearsay:

> Words offered to prove the effect on the hearer are admissible when they are offered to show their effect on one whose conduct is at issue.

> When a person's knowledge or state of mind is at issue, evidence that he has heard or read a statement may be relevant, and it lies beyond reach of a hearsay objection. Where reasonableness of a party's conduct is at issue, knowledge of certain statements may have probative value regardless of the truth of the statements. Thus, an out-of-court statement may be offered to explain responsive conduct. . . .

> Evidence which would otherwise be hearsay may be admissible, as bearing on the state of mind of the defendant, if it is not offered for the truth of the statement. This nonhearsay use has been invoked with respect to the issue of duress, authorization, volition, motive, good faith, and knowledge or belief, or the absence of knowledge.

29 Am.Jur.2d *Evidence* § 666 (1994) (footnotes omitted).

[¶ 24] Loren's testimony was not offered to prove that the statements made by his father were true, but to show their effect on Loren's state of mind and knowledge. The statements are relevant to whether Loren believed he had consent, and therefore a license, to be on the prop-

erty. The mere fact that the statements were made, regardless of their truth, had independent legal significance. *See Towne v. Dinius,* 1997 ND 125, ¶ 13, 565 N.W.2d 762; *In re Estate of Raketti,* 340 N.W.2d 894, 901 (N.D.1983). We conclude Loren's proffered testimony about the statements made to him by LeRoy at the hospital was not hearsay.

### B

[¶ 25] The trial court's exclusion of Le-Roy's affidavit, in which LeRoy states he told Loren to go to the house to retrieve certain items, presents a somewhat different evidentiary problem. Although Le-Roy could clearly have testified as a witness at trial about these statements, the fact that LeRoy died prior to trial and his "testimony" is now available only through his affidavit creates an additional level of potential hearsay. *See* N.D.R.Ev. 805. In effect, the problem is not with LeRoy's original statements made to Loren at the hospital, but with LeRoy's subsequent statement in the affidavit that he had made the earlier statements. LeRoy's subsequent statement in the affidavit is offered to prove the matter asserted, *i.e.,* the fact that he had made the earlier statements.

 [¶ 26] An affidavit offered at trial, in lieu of live testimony by the witness, is "classic hearsay" and "must be excluded unless it comes within one of the recognized exceptions to the hearsay rule." *Mehus v. Thompson,* 266 N.W.2d 920, 924 (N.D.1978); *see, e.g., Travelers Cas. and Sur. Co. of America v. Wells Fargo Bank N.A.,* 374 F.3d 521, 524 (7th Cir.2004). The parties have not adequately addressed this issue, and we leave it to the parties and the trial court upon retrial to resolve whether LeRoy's affidavit falls within an exception to the hearsay rule under N.D.R.Ev. 803, 804, or 807.

### V

[¶ 27] We conclude the trial court erred in excluding evidence of LeRoy's statements to Loren on relevance grounds. We reverse the conviction and order deferring imposition of sentence, and remand for a new trial.

[¶ 28] EVERETT NELS OLSON, S.J., BENNY A. GRAFF, S.J., and BRUCE E. BOHLMAN, S.J., concur.