2011 ND 147

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Richard A. STARKE, Defendant and Appellant.**

**Richard Anthony Starke, Petitioner and Appellant**

v.

**State of North Dakota, Respondent and Appellee.**

Nos. 20100062, 20100327.

Supreme Court of North Dakota.

July 18, 2011.

Mark A. Flagstad, Assistant State's Attorney, Minot, N.D., for plaintiff, respondent, and appellee.

Thomas M. Tuntland, Mandan, N.D., for defendant, petitioner, and appellant.

SANDSTROM, Justice.

[¶ 1]  In this consolidated appeal, Richard Starke appeals from the district court's criminal judgment entered after a jury found him guilty of terrorizing, sentencing him to three years in prison with one year suspended.  He also appeals from the district court's order denying his petition for post-conviction relief.  We reverse Starke's conviction and remand for a new trial, concluding that the district court erred by not giving Starke's requested instruction on defense of premises.

## I

[¶ 2]  Richard Starke was charged with terrorizing following an incident that occurred in his home in January 2009.  A jury trial was held on the charge, during which Starke and numerous other witnesses testified.  The testimony introduced at trial revealed the following facts.

[¶ 3]  At the time of the incident, Starke was a 79–year–old man living alone in Burlington with the help of a caregiver.  He testified that on the day in question, he got

his pickup stuck in the snow outside his house while moving it to facilitate snow removal. Because he was in weak health and did not have another vehicle to pull the pickup out, Starke called a towing company in Minot to remove it. Two men from the towing company responded and were successful in removing the pickup from the snow.

[¶ 4] According to one of the tow truck operators, they were informed by Starke's neighbor, who helped them remove the vehicle, that they could go into Starke's house to get paid for their services. Starke was seated at the table in the kitchen, and when given the bill for the towing services, he was dissatisfied with the price and allegedly called the tow truck driver a "crook." According to the driver, Starke continued to refuse to pay the bill even after the reasons for the charge were explained. At that point, the driver explained to Starke that if he did not pay his bill, they would hold his pickup as collateral. The tow truck operators both testified that Starke then pointed to a rifle propped against the wall and told them that "this is loaded."

[¶ 5] One of the tow truck operators testified that Starke then wrote out a check for the bill and told them to "get out of my house." The operators then asked Starke for identification to go with the check, at which point Starke pulled out a leather case containing a handgun, telling both of the operators that "this is loaded too" and again to get out of his house. The operators both testified that Starke removed the gun from its case and pointed it at them. Starke and his caregiver claimed he only set the gun in front of him on the table, but did tell them it was loaded. His caregiver also testified it was routine for Starke to keep these two guns close by his table.

[¶ 6] The tow truck operators took the check and left Starke's home. They called their office to report what had happened and were instructed to go meet with law enforcement. A Burlington police officer and a Ward County deputy went to Starke's house, and he was later arrested and charged with terrorizing.

[¶ 7] At trial, Starke argued his threats with firearms were necessary for self-defense and defense of his property, including his home. The jury was instructed on the self-defense theory, as well as on defense of property, but the jury was not given an instruction on defense of premises as requested by Starke. The jury found Starke guilty of terrorizing. Starke was sentenced to three years in prison, with one year suspended, under the mandatory sentencing provisions for armed offenders in N.D.C.C. § 12.1–32–02.1.

[¶ 8] On appeal, Starke argues the district court erred by failing to instruct the jury on defense of premises. Further, he contends this issue was properly raised and preserved for review, but if it was not, then the failure to give the instruction constituted obvious error which should be noticed by this Court. Finally, if the defense-of-premises issue was not properly raised, then he argues the district court erred in denying his petition for post-conviction relief.

[¶ 9] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06 and 29–32.1–03. Starke's appeals were timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 29–28–06 and 29–32.1–14.

II

[¶ 10] While Starke raises four issues, we consider only one of them in this appeal. Starke's first issue is whether the

district court erred by declining to give a defense-of-premises instruction under N.D.C.C. § 12.1–05–06. His last three issues relate to whether or not failure to instruct on defense of premises was properly raised and preserved for appeal.

[¶ 11] Starke's second stated issue is resolved because the State concedes that he properly preserved the defense-of-premises issue for appeal. Accordingly, Starke's third issue is also resolved because the State's concession means that an obvious error analysis is unnecessary. Finally, Starke's post-conviction relief petition was predicated on an ineffective assistance of counsel argument if his trial counsel did not properly preserve the defense-of-premises issue for appeal. Because the State has conceded this issue was properly preserved, Starke's fourth issue is also resolved. The lone contested issue for us to consider is whether the district court erred by declining to give the jury a defense-of-premises instruction under N.D.C.C. § 12.1–05–06.

### III

■■■ [¶ 12] Starke argues the district court erred by declining to give the jury a defense-of-premises instruction under N.D.C.C. § 12.1–05–06. "Jury instructions must fairly inform the jury of the applicable law." *Erickson v. Brown,* 2008 ND 57, ¶ 46, 747 N.W.2d 34. "The district court is not required to instruct the jury in the exact language requested by a party if the instructions given are not misleading or confusing, and if they fairly advise the jury of the law on the essential issues of the case." *State v. Blunt,* 2010 ND 144, ¶ 24, 785 N.W.2d 909. The district court may refuse to give an instruction to the jury if it is irrelevant or inapplicable. *State v. Ness,* 2009 ND 182, ¶ 13, 774 N.W.2d 254.

[¶ 13] Starke contends his threats of force with a firearm against the tow truck operators were justified under N.D.C.C. § 12.1–05–06:

> Force is justified if it is used to prevent or terminate an unlawful entry or other trespass in or upon premises, or to prevent an unlawful carrying away or damaging of property, if the person using such force first requests the person against whom such force is to be used to desist from his interference with the premises or property, except that a request is not necessary if it would be useless or dangerous to make the request or substantial damage would be done to the property sought to be protected before the request could effectively be made.

After arguing about the price of the towing services, Starke allegedly wrote out a check and pushed it at the tow truck operators. One of the operators testified that as he did this, Starke made a crude remark and told them to get out of his house. After receiving the check, the tow truck operators asked to see identification. Starke argues the two became trespassers because they stayed in his house to ask for identification rather than immediately leaving when he told them to get out. Accordingly, he contends he was justified in using force to eject them as trespassers.

■■■ [¶ 14] The district court refused to give the instruction on defense of premises. In denying the instruction, the court relied on the fact that the tow truck operators were invited into the house. Because they were invited, the court concluded there was no unlawful entry and the statute was therefore inapplicable. The statute does not restrict defense of premises solely to situations of unlawful entry, however. Instead, it allows for use of force in defense of premises when there is "an unlawful entry *or other trespass* in or upon premises...." N.D.C.C. § 12.1–05–06 (emphasis added). Like an unlawful entry,

unlawfully remaining on another's premises constitutes a trespass:

> Remaining on the property or premises of another unlawfully or without authority is a criminal trespass, particularly after the defendant has been told to leave by the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant, or by a person lawfully in charge of the premises.

75 Am.Jur.2d. *Trespass* § 189 (2002). The North Dakota Legislature has recognized this form of criminal trespass in N.D.C.C. § 12.1–22–03(4): "An individual is guilty of a class B misdemeanor if that individual remains upon the property of another after being requested to leave the property by a duly authorized individual." In this case, Starke told the tow truck operators to leave his house after he wrote out the check. Rather than leaving immediately, the operators remained in Starke's house to request identification to verify the check. Under the "unlawful remaining" definition, the tow truck operators arguably became trespassers in Starke's home.

[¶ 15] Consequently, the district court's stated reasoning for denying Starke's requested instruction on defense of premises was erroneous. Defense of premises is not limited to the unlawful entry form of trespass under N.D.C.C. § 12.1–05–06.

[¶ 16] We note that while Starke's actions did not involve any physical contact with the tow truck operators, his threatening actions nonetheless constituted "force." "Force" is defined to include "physical action, threat[s], or menace against another." N.D.C.C. § 12.1–05–12(3). The question that Starke posed, and that was never given to the jury, was whether his use of force was justified in defending his premises.

[¶ 17] Under N.D.C.C. § 12.1–05–06, defense of premises is not specifically designated as an affirmative defense, and is therefore an ordinary defense to the State's charges. *See* N.D.C.C. § 12.1–05–01(1). The district court's refusal to give an instruction on defense of premises is functionally identical to a refusal to give a self-defense instruction under N.D.C.C. § 12.1–05–03, which is also an ordinary defense. We have previously explained the necessity of a self-defense instruction when the evidence is sufficient to raise a reasonable doubt on the issue:

> A defendant cannot be found guilty unless the State proves every element of the offense beyond a reasonable doubt, and an element of an offense means the nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue. A defendant is entitled to a jury instruction on a defense if there is evidence that creates a reasonable doubt about an element of the charged offense. A defendant is entitled to a self-defense jury instruction if there is evidence to support it, and the State must prove beyond a reasonable doubt the defendant did not act in self-defense. Whether there is sufficient evidence to support a jury instruction is viewed in the light most favorable to the defendant.

*State v. Falconer*, 2007 ND 89, ¶ 13, 732 N.W.2d 703 (citations and quotations omitted).

[¶ 18] Any force used in defense of premises must be reasonable under the circumstances. Generally, defense of premises may not be used if the actor is otherwise acting unlawfully, and also may not be relied on against one whose conduct is justified. 2 Paul H. Robinson, *Criminal Law Defenses* § 131(b) (1984). "Force should be permitted only (1) when necessary and (2) to the extent necessary." *Id.* at § 131(c).

[¶ 19] Viewed in the light most favorable to Starke, there was sufficient evi-

dence to raise a reasonable doubt on whether he was justified in using force to defend his premises. Starke testified he was afraid of the tow truck operators because of their threatening behavior. He testified he "feared that they would cause harm," and he felt they were taking advantage of him because of his weak health. When viewed in the context of N.D.C.C. § 12.1–05–06, Starke's actions could arguably be justified if, before his threatening actions, he told the operators to leave his home, but instead they refused and remained, demanding further identification. This action arguably created a trespass in Starke's home, and following the operators' failure to leave as requested, Starke could possibly have been justified in his use of force to terminate this alleged trespass.

[¶ 20]  Starke did receive an instruction on self-defense in this case. When the testimony is viewed in the light most favorable to Starke, however, it is reasonable to also consider that his actions may have been justified in defense of premises. Starke testified that he was fearful of the tow truck operators, who did not leave when he told them to, and he was unsure of what they would do. Under these circumstances, the jury should have been given the opportunity to decide whether or not Starke's use of force was justified in the defense of his premises.

### IV

[¶ 21]  We reverse Starke's conviction for terrorizing and remand for a new trial.

[¶ 22] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.